**No. 25-2255**

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

_____

HALLMARK LICENSING, LLC,

*Plaintiff-Appellee*,

v.

HONGKONG YUEQI TECH LTD., doing business as HOMELEX,

*Defendant-Appellant*,

_____

On Appeal from the United States District
Court for the Northern District of Illinos
Honorable Lindsay C. Jenkins, District Judge

_____

**DEFENDANT-APPELLANT HONGKONG YUEQI TECH LTD.'**

**S MOTION TO DISMISS WITHOUT PREJUDICE**

Glacier Law LLP
Ruoting Men
506 Second Avenue, Suite 1516
Seattle, WA 98104
Tel: 212-729-5049
ruoting.men@glacier.law

Tao Liu
41 MADISON AVENUE SUITE 2529
New York, NY 10010
Tao.liu@glacier.law
Tel: 212-729-5036
*Counsel for Defendant-Appellant*

September 15, 2025

Appellant Hongkong Yueqi Tech Ltd. d/b/a Homelex ("Appellant") respectfully moves, pursuant to Federal Rule of Appellate Procedure 42(b), to voluntarily dismiss this appeal without prejudice and to request that the Clerk issue the mandate forthwith.

I.  **BACKGROUND**

On May 21, 2025, the district court entered an ex parte temporary restraining order with an asset freeze and expedited discovery. On June 5, 2025, Plaintiff moved for a preliminary injunction. On June 26, 2025, Defendant Hongkong Yueqi Tech Ltd. d/b/a Homelex ("Homelex") filed its opposition supported by the declarations of Dr. Brown, Professor Rosenblum, and Ms. Sophia Chen, together with underlying design materials. After largely denying Plaintiff's request for extended discovery and briefing on July 7, 2025, the court set July 11, 2025 for Plaintiff's reply, and Plaintiff filed its reply on that date. On July 23, 2025, the court granted a preliminary injunction and stated it would disregard Homelex's expert and design submissions as untimely disclosures.

Homelex timely noticed an interlocutory appeal under 28 U.S.C. § 1292(a)(1). *See* N.D. Ill. Dkt. 92. While the appeal was pending, Homelex moved the district court to stay enforcement of the preliminary injunction, which the court granted, staying enforcement of the injunction during the appeal. *See* N.D. Ill. Dkt. 97.

After reviewing the stay briefing, the district court issued a September 2, 2025 minute entry expressing concern that it may have erred in excluding Homelex's expert and design evidence solely on timeliness grounds and indicating that a harmlessness analysis under *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) would have been more appropriate. Acknowledging that the pending appeal divested it of jurisdiction under *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), the court stated that if jurisdiction returned it would likely reverse the exclusion and hold an evidentiary hearing before revisiting the preliminary injunction ruling. *See*

1

Minute Entry, Sept. 2, 2025 (N.D. Ill. Dkt. 108).

At a telephonic status conference on September 11, 2025, the district court recorded that Defendants intend to dismiss the appeal and directed the parties to file a joint status report by September 25, 2025 addressing next steps for a motion for reconsideration. See Minute Entry, Sept. 11, 2025 (N.D. Ill. Dkt. 112).

## II. RELIEF REQUESTED AND GROUNDS

Appellant respectfully moves, pursuant to Federal Rule of Appellate Procedure 42(b), to voluntarily dismiss this interlocutory appeal without prejudice, with each party to bear its own costs and fees on appeal, and further requests that the Clerk issue the mandate forthwith so that jurisdiction returns to the district court without delay.

Dismissal without prejudice is warranted in the interest of judicial efficiency. In a September 2, 2025 minute entry, the district court stated it is concerned it may have erred by excluding Appellant's expert and design evidence solely on timeliness grounds and indicated that, upon regaining jurisdiction, it would likely reverse that exclusion under the harmlessness framework of *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003), and hold an evidentiary hearing before revisiting the preliminary-injunction ruling. In a subsequent September 11, 2025 minute entry following a telephonic conference, the court noted that Defendants intend to dismiss this appeal and directed the parties to file a joint status report by September 25, 2025 addressing next steps on a motion for reconsideration. Consistent with the district court's expressed preference and to conserve judicial and party resources, Appellant seeks dismissal without prejudice and immediate issuance of the mandate so that the district court may promptly proceed as contemplated. Upon issuance of the mandate, Appellant will promptly file a motion for reconsideration under Rule 54(b) requesting (i) reversal of the prior exclusion under *David*'s harmlessness analysis, and

(ii) an evidentiary hearing before any renewed ruling on preliminary injunctive relief.

No party will be prejudiced by a dismissal without prejudice. This appeal arises under 28 U.S.C. § 1292(a)(1) from an interlocutory order; dismissal will simply allow the district court to conduct the contemplated hearing and reweigh the preliminary-injunction factors on a complete record. Appellant expressly reserves all appellate rights to seek review of any subsequent order granting, denying, or modifying preliminary injunctive relief following reconsideration, as well as of any final judgment. Because filing the notice of appeal divested the district court of jurisdiction over the aspects of the case involved in the appeal, see *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), dismissal and immediate issuance of the mandate under FRAP 41 is the most direct means to permit the district court to implement its stated intention promptly and avoid duplicative proceedings.

WHEREFORE, Appellant respectfully asks the Court to (i) dismiss this appeal without prejudice under FRAP 42(b); (ii) direct that each party bear its own costs and fees on appeal; and (iii) issue the mandate forthwith.

Respectfully submitted,

Date: September 15, 2025

*/s/ Ruoting Men*
Ruoting Men, Esq. (WSBA No. 63842)
GLACIER LAW LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
ruoting.men@glacier.law
Tel: +1 (212)729-5049

*Counsel for Defendant Appellant*

3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this September 15, 2025, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

                                                      /s/ Ruoting Men
                                                    Ruoting Men, Esq.